IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JENNIFER RONDINELLI REILLY
                Plaintiff,                Civil Action No. _____

v.

614 MEDIA GROUP, INC., PRIMEDIA       Judge:
HOLDINGS, LLC, and WAYNE LEWIS      _____

                Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DMCA VIOLATIONS
WITH DEMAND FOR JURY TRIAL**

      COMES NOW, Plaintiff Jennifer Rondinelli Reilly, who states her claims against 614 Media Group, Inc., Primedia Holdings, LLC, and Wayne Lewis (collectively, the "Defendants") as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Jennifer Rondinelli Reilly ("Reilly" or "Plaintiff") brings this action under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. Subject matter jurisdiction is founded on 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

3. This Court has personal jurisdiction over Defendant 614 Media Group, Inc. ("614 Media") because 614 Media has continuous and systematic contacts in this judicial district, is headquartered in this District, and is transacting, doing, and soliciting business in this District.

4. This Court has personal jurisdiction over Defendant Primedia Holdings, LLC. ("Primedia") because Primedia has continuous and systematic contacts in this judicial district and is transacting, doing, and soliciting business in this District.

5. This Court has personal jurisdiction over Defendant Wayne Lewis ("Lewis") because Lewis has continuous and systematic contacts in this judicial district, is domiciled in this District, and is transacting, doing, and soliciting business in this District.

6. Venue is proper under 28 U.S.C. §§ 1391(b)(1-2) and (c) and 1400(a).

## PARTIES

7. Plaintiff is a full-time, professional freelance photographer who resides in Wisconsin.

8. On information and belief, 614 Media is a Nevada corporation, there registered under the name of University Media Group, Inc.; is registered in the State of Ohio as of February 25, 2009, as 614 Media Group, Inc., as a foreign corporation, entity number 1838395, with its headquarters located at 460 East Main Street, Suite 1001, Columbus, Ohio 43215; is in the publishing business; and may be served through its registered agent, Lewis, at the same address as 614 Media's headquarters.

9. On information and belief, Primedia: is a Louisiana limited liability company, entity number 34871568K; is in the publishing business; may be served through its registered agent, Lewis, at 5261 Highland Road, #167, Baton Rouge, LA 70808; and is owned and operated by 614 Media and Lewis in Columbus, Ohio.

10. On information and belief, Lewis is the owner, manager, and operator of 614 Media and Primedia, which he operates and does business in Columbus, Ohio; he may be served at the same address as 614 Media's headquarters.

## FACTUAL BACKGROUND

11. On or about October 10, 2010, Reilly created a photograph of the hands of musician Neil Young while he performed at Farm Aid 2010, as shown below (the "Photograph"):



12. The Photograph in perspective, orientation, positioning, lighting and other details is entirely original, distinctive, and unique.  As such, the Photograph is subject matter protectable under the Copyright Act.

13. On or about April 10, 2014, Reilly first published the Photograph to her websites at http://jenrondinellireilly.photoshelter.com/gallery-image/Farm-Aid-2010/G00000JlF_KEewTU/I0000S1RPTKx.pTQ/C0000AHXQNUwddyQ (the "Photoshelter Site") and http://fineartamerica.com/featured/close-up-of-neil-youngs-hand-playing-gibson-guitar-the-vault-jennifer-rondinelli-reilly.html (the "Fine Art Site") (collectively, the "Reilly Sites"), as shown below in order:





14. On the Photoshelter Site, Reilly included her copyright management information ("CMI") pursuant to 17 U.S.C. §1202(c) in the form of a watermark on the Photograph that stated: "© JENNIFER RONDINELLI REILLY JRRPHOTO.COM" (all caps in original) and in the form of a notice posted adjacent to the Photograph that stated: "© 2014 Jennifer Rondinelli Reilly. All rights reserved. NO USE WITHOUT PERMISSION."

15. On the Fine Art Site, Reilly included her CMI in the form of a notice adjacent to the Photograph that stated: "Photo by Jennifer Rondinelli Reilly. All Rights Reserved. NO USE WITHOUT PERMISSION. Contact me for licensing and reuse."

16. Reilly registered her Photograph with the U.S. Copyright Office, which issued Reilly a Certificate of Copyright Registration number VA 1-920-147, with an effective date of July 10, 2014, as shown on the next page:



17. Reilly has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*., as amended, and all other laws and regulations governing copyright with respect to the Photograph.

18. Reilly is and always has been the proprietor of the right, title, and interest in and to the copyright in the Photograph. Reilly is the author and copyright owner of the Photograph pursuant to 17 U.S.C. § 201.

19. In or about June 2015, Reilly discovered that Defendants had reproduced, displayed, and distributed her Photograph on the DIG Baton Rouge website at www.digbatonrouge.com (the "DIG Website"), without authorization of Plaintiff or the law, in multiple locations:

    http://digbatonrouge.com/event/red-stick-family-jam-2/

    http://digbatonrouge.com/events/2015-06-12/

    http://digbatonrouge.com/wp-content/uploads/2015/06/guitar-300x187.jpg and,

    https://digbatonrouge.com/wp-content/uploads/2015/06/guitar.jpg

(collectively, the "DIG URLs"), as shown below:









20. The domain for the DIG Website, "www.digbatonrouge.com," is registered to Lewis for 614 Media, with an address of 458 East Main Street, Columbus, Ohio 43215, and an email address of webmaster@614mediagroup.com.

21. On information and belief, the Defendants own, manage, and operate the DIG Website.

22. Upon information and belief, the Defendants accessed the Photograph from the Reilly Sites and then reproduced, displayed, and distributed it on the DIG Website.

23. Reilly did not license or otherwise authorize any of Defendants to reproduce, display, or distribute the Photograph in any manner.

24. The Defendants reproduced, displayed, and distributed the Photograph on the DIG Website without Reilly's CMI.

25. On July 16, 2015, Plaintiff, through counsel, sent a letter via USPS Priority Mail to 458 East Main Street, Columbus, Ohio 43215 and email to webmaster@614mediagroup.com notifying Defendants of her copyright infringement and related claims, demanding that they cease reproducing, displaying, or distributing the Photograph on the DIG Website, and offering to discuss settlement.

26. As of July 24, 2015, Defendants had removed the Photograph from http://digbatonrouge.com/event/red-stick-family-jam-2/ and http://digbatonrouge.com/events/2015-06-12/.

27. On July 24, 2015, Plaintiff, through counsel, notified Defendants via email correspondence to webmaster@614mediagroup.com that they were still displaying and distributing the Photograph on the DIG Website.

28. Soon after July 24, 2015, Defendants removed the Photograph from http://digbatonrouge.com/wp-content/uploads/2015/06/guitar-300x187.jpg and https://digbatonrouge.com/wp-content/uploads/2015/06/guitar.jpg.

29. On July 27, 2015, Lewis first contacted Plaintiff's counsel via email correspondence, making a nominal offer to resolve Plaintiff's claims.

30. Between July 27, 2015, and August 27, 2015, Plaintiff's counsel and Lewis discussed resolution of Plaintiff's copyright infringement claims without success.

31. As Reilly first discovered Defendants' unauthorized reproduction, display, and distribution of the Photograph in June 2015, Plaintiff's claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

## FIRST CLAIM - COPYRIGHT INFRINGEMENT

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 above.

33. Defendants reproduced, displayed, and distributed the Photograph on the DIG Website without authorization of Reilly or the law.

34. Defendants have not compensated Reilly for their reproduction, display, and distribution of the Photograph on the DIG Website.

35. Defendants' conduct violates the exclusive rights belonging to Reilly as owner of the copyright for the Photograph, including without limitation, Reilly's exclusive rights under 17 U.S.C. § 106.

36. As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Reilly for the

copyright of the Photograph. Accordingly, Plaintiff is entitled to and seeks an award of actual damages plus attorneys' fees and costs pursuant to 17 U.S.C. §§ 504 and 505.

37. Reilly is entitled to and seeks statutory damages for Defendants' copyright infringement of the Photograph, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504 and 505.

38. Defendants' copyright infringement of the Photograph was willful and performed with knowledge that its reproduction, display, and distribution of the Photograph was unauthorized; Reilly is therefore entitled to elect for the recovery of enhanced statutory damages pursuant to 17 U.S.C. § 504.

## SECOND CLAIM - DMCA VIOLATION FOR REMOVAL OF CMI

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 above.

40. Defendants, without the authority of Reilly or the law and in violation of 17 U.S.C. §1202(b), intentionally removed Reilly's CMI from the Photograph and reproduced, displayed, and distributed the Photograph on the DIG Website knowing that Reilly's CMI had been removed or altered and knowing or having reasonable grounds to know that such removal would induce, enable, facilitate, or conceal copyright infringement.

41. As a direct and proximate result of their wrongful conduct, Defendants have violated Section 1202(b) causing Reilly to suffer injuries; she is thus entitled to the remedies set forth under 17 U.S.C. § 1203.

## THIRD CLAIM - VICARIOUS INFRINGEMENT OF 614 MEDIA

42. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 41 above.

43. As managers, owners, and operators of the DIG Website and Primedia, 614 Media had both a legal right to stop or limit the directly infringing conduct stemming from the

reproduction, display, and distribution of the Photograph, as well as the practical ability to do so.

44. Additionally, as managers, owners, and operators of the DIG Website and Primedia, 614 Media gained a direct financial benefit from the direct infringement via the unauthorized reproduction, display, and distribution of the Photograph on the DIG Website.

45. As such, 614 Media had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity. Therefore, 614 Media is vicariously liable for the infringing activity.

46. 614 Media also had the right and ability to supervise or control the removal of Reilly's CMI and the reproduction, display and distribution of the Photograph on the DIG Website.

47. As a direct and proximate result of the 614 Media's vicarious infringement and vicarious removal of copyright management information as described above, Reilly has suffered injuries and damages.

### FOURTH CLAIM - VICARIOUS INFRINGEMENT OF LEWIS

48. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 41 above.

49. As manager, owner, and operator of the DIG Website, Primedia, and 614 Media, Lewis had both a legal right to stop or limit the directly infringing conduct stemming from the reproduction, display, and distribution of the Photograph, as well as the practical ability to do so.

50. Additionally, as manager, owner, and operator of the DIG Website, Primedia, and 614 Media, Lewis gained a direct financial benefit from the direct infringement via the unauthorized reproduction, display, and distribution of the Photograph on the DIG Website.

51. As such, Lewis had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity. Therefore, Lewis is vicariously liable for the infringing activity.

52. Lewis also had the right and ability to supervise or control the removal or alteration of Reilly's CMI and the reproduction, display and distribution of the Photograph on the DIG Website.

53. As a direct and proximate result of Lewis' vicarious infringement and removal of copyright management information as described above, Reilly has suffered injuries and damages.

## PRAYER FOR RELIEF

WHEREFORE, Reilly prays for judgment from this Honorable Court as follows:

1. Declare Plaintiff as the lawful owner of the copyright in the Photograph;

2. Declare that Defendants' unauthorized conduct violates Reilly's rights under common law and the Federal Copyright Act;

3. Declare that Defendants' unauthorized conduct violated Reilly's rights under the Digital Millennium Copyright Act;

4. Order that Defendants be required to account to Reilly for all gains, profits, and advantages derived from their infringement of Reilly's copyright in the Photograph;

5. Order that Lewis and 614 Media are vicariously liable for the direct infringement of Reilly's copyright in the Photograph;

6. Order that Lewis and 614 Media are vicariously liable for the Digital Millennium Copyright Act violations;

7. Order that Defendants are jointly and severally liable to Reilly for the infringement of Reilly's copyright in the Photograph;

8. Award Reilly all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504 (b) (with interest thereon at the highest legal rate) for Defendants' infringement of the Photograph, or such damages as are proper;

9. In the alternative, if Reilly so elects, award maximum statutory damages in the amount of $30,000 for Defendants' infringement pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

10. Upon a finding that Defendants willfully infringed Reilly's copyright in the Photograph, award Reilly the statutory maximum amount of $150,000 for the infringement pursuant to 17 U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

11. Award Reilly her actual damages pursuant to 17 U.S.C. § 1203(c)(2) or, in the alternative, statutory damages up to the maximum pursuant to 17 U.S.C. § 1203(c)(3), for Defendants' violation of 17 U.S.C. § 1202(b);

12. Award Reilly her costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. §§ 505 and 1203;

13. Enter preliminary and permanent injunctions providing that Defendants shall deliver to Reilly all copies of the Photograph and all other materials containing such infringing copies in their possession, custody or control, for destruction;

14. Enter preliminary and permanent injunctions providing that Defendants shall deliver to Reilly an accounting identifying each of their reproductions, displays, or distributions of the Photograph;

15. Enter preliminary and permanent injunctions enjoining Defendants from engaging in any further acts of copyright infringement of the Photograph; and,

16. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury in this action.

This 2 nd day of February, 2016.

                Respectfully submitted,

                /s/ Tammy L. Browning-Smith
                Tammy Browning-Smith - OH Bar No.0072999
                Browning-Smith P C
                752 N. State St. #260
                Westerville OH 43082
                Tel: (440) 398-0098
                Email: tammy@browning-smith.com
                *Counsel for Plaintiff*