IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JENNIFER RONDINELLI REILLY

    Plaintiff,    Civil Action No. 2:16-cv-00097-ALM-NMK

v.

614 MEDIA GROUP, INC., et al.,

    Defendants.

## STIPULATED PROTECTIVE ORDER

 WHEREAS, Plaintiff Jennifer Rondinelli Reilly ("Reilly") and Defendants 614 Media Group, Inc. ("614 Media"), Wayne Lewis ("Lewis"), and Primedia Holdings, LLC ("Primedia"), (collectively, the "parties") recognize that, pursuant to discovery or otherwise during the course of the lawsuit between the parties (the "lawsuit"), the parties may be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Federal Rule of Civil Procedure 26(c);

 WHEREAS, Primedia joins in this stipulation for the purpose of procedural convenience, but without waiving any of its jurisdictional objections presently pending before the Court; and

 WHEREAS, the parties have, through counsel, stipulated to entry of this Stipulated Protective Order ("Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information.

 THEREFORE, IT IS ORDERED that the following provisions of this Order shall control the disclosure, dissemination, and use of confidential information in the lawsuit:

1

1.  All information and documents produced by the parties in the course of this lawsuit shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person[1] except in accordance with the terms of this Order.

2.  A party may designate information or documents produced, used, or disclosed in connection with the lawsuit as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and subject to the protections and requirements of this Order, if so designated in writing to the other party, or orally if recorded as part of a deposition, pursuant to the terms of this Order.

    (a) Information and documents that a party in good faith believes contain or refer to information that is not generally available to or accessible by the general public, or that is to be kept confidential due to preexisting obligations may be designated as "CONFIDENTIAL."

    (b) Information and documents that a party in good faith believes contain or refer to trade secrets or other confidential research, development, business or financial information, or other confidential commercial information, and that, if disclosed to a business competitor, would tend to damage the party's competitive position may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.  Any information or document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used by the receiving party solely in connection with this lawsuit and shall not be disclosed to any person other than:

    (a) The Court, any court exercising appellate jurisdiction over this lawsuit, all court personnel and employees, and stenographers transcribing testimony or argument at a deposition;

    (b) Counsel for the parties and employees of such attorneys, paralegals, secretaries, and clerks to whom it is necessary that the material be shown for purposes of this lawsuit;

---

[1] "Person" means natural persons, corporations, partnerships, joint ventures, LLC's, LLP's, LPA's, unincorporated associations, and all other entities.

2

(c) Actual or potential independent experts, consultants, investigators, or advisors of the parties who have first signed a Declaration in the form of Exhibit A, attached;

(d) Document contractors, exhibit contractors, graphic art contractors, and jury consultants to whom it is necessary that the document or information be shown for purposes of this lawsuit, and who have first signed a Declaration in the form of Exhibit A, attached; and

(e) Persons testifying in depositions to the extent the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" document or information was authored by or addressed to the person testifying or such person is established as knowledgeable of such information or contents of the document prior to disclosing the information or document.

4. Any information or document designated as "CONFIDENTIAL" shall be used by the receiving party solely in connection with this lawsuit and shall not be disclosed to any person other than those persons listed under Paragraph 3 and listed in this Paragraph 4:

(a) Corporate officers of a receiving party and in-house counsel of a receiving party, provided that:

(i) such disclosure is necessary to the prosecution or defense of this lawsuit; and

(ii) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons.

(b) Any person who has had access to a document or information designated as "CONFIDENTIAL," as evidenced by the information or document itself, in that the document is to, from, or copied to such persons; and

(c) Individuals, if the receiving party is an individual, and Counsel of record for the receiving party, provided that:

(i) such disclosure is necessary to the prosecution or defense of this lawsuit; and

(ii) such information is maintained in separate and identifiable files, including electronic files, access to which is restricted to the foregoing persons.

3

   (d) Any other person as to whom the parties and the producing person first agree in writing.

5. In the case of information or documents, a designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be accomplished by marking the information or document with the appropriate legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. Information or documents conveyed or discussed in testimony at a deposition shall be subject to this Order, provided that the testimony, information or documents are designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" orally on the record or in writing either at the time of the deposition or after receipt by the parties of the transcript.

   (a) For such time as any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is disclosed in a deposition, the party whose information or document that will be disclosed shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or document pursuant to this Order.

   (b) In the event that a party believes that "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or documents will be disclosed during a deposition, counsel for the party may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   (c) A party shall have thirty (30) days after receiving a copy of the deposition transcript in which to designate all or specific portions of the transcript in writing as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate. If, within such thirty (30) days, neither party designates in writing certain portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," either party shall be permitted to use such portions of the transcript, and the information contained therein, with no restrictions of confidentiality.

7. This Order, and the designations "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," shall apply to all information and documents produced by the parties in the course of this lawsuit, including but not limited to depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery undertaken pursuant to the Federal Rules of Civil Procedure.

8. Nothing in this Order shall be construed to restrict the use or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or documents at trial or any other court proceeding; provided, however, that the use or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or documents at trial or any other court proceeding shall be addressed by this Court at the appropriate time.

9. The failure of a party to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order, and the failure to object to such a designation, shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The parties understand and acknowledge that a party's failure to designate information or documents as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at or within the time specified in this Order relieves the other party of any obligation of confidentiality until the designation is actually made.

10. No information or document shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (and if so designated anyway such designation is not binding on either party) if such information or document:

   (a) is in the public domain at the time of disclosure;

   (b) becomes part of the public domain through no fault of the other parties;

   (c) was in the rightful and lawful possession of the receiving party at the time of disclosure; or

   (d) is lawfully received by the receiving party at a later date from a party without restriction as to disclosure, provided such party has the right to make the disclosure to the receiving party.

11. The attorneys of record for the receiving party shall retain the original, executed declarations (in the form of Exhibit A, attached) that have been executed by that party, its experts, investigators, consultants, advisors, and contractors, or other persons as set forth herein.

12. Unless otherwise required by the Court, whenever any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or any pleading containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is filed with the Court, the party submitting such document, information or pleading shall file a motion for leave to file under seal, and shall do so in accordance with S.D. Ohio Civ. R. 5.2.1(a).

13. Unless otherwise permitted, within one hundred twenty (120) days after the conclusion of the lawsuit, including all appeals therefrom, all documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," all copies of documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all excerpts therefrom in the possession, custody or control of the parties, and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the producing party. Outside counsel for a party may retain copies of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL

6

– ATTORNEYS' EYES ONLY" for archival purposes only, but shall destroy or return all other copies of such documents, information, pleadings, trial exhibits, deposition exhibits, work product and transcripts. Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this Paragraph 13 have been completed.

14. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and either party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the lawsuit, by judgment, dismissal, settlement, or otherwise.

15. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by either party of any information or documents that are in the public domain or later enter the public domain through no fault of the party, that are currently in the party's lawful possession, custody, or control, that later come into the possession of the party from others lawfully in possession of such information or documents who are not parties to the lawsuit or bound by this or a comparable Order or obligation, or that are required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a party is required to disclose the document or information designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the party shall give immediate advance notice, to the extent possible, of any such requested disclosure in writing to the counsel of the other party to afford that party the opportunity to seek legal protection from the disclosure of such information or documents.

16. In the event that any person violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and, in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense that the aggrieved party possesses an adequate remedy at law.

17. The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work-product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure sends to each receiving party a written request for return of the inadvertently produced or disclosed document or thing. Within ten (10) days of receiving such a request, the receiving party shall return to the producing party all such documents and things identified by the producing party as being privileged or work-product and as having been inadvertently produced.

    (a)    If the receiving party disputes and wishes to contest that any such document or information was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party in writing when the document or information is returned to the producing party.

    (b)    Within ten (10) days after receiving such notification, the producing party shall provide to the receiving party a list identifying all such returned documents and information and stating the basis for the claim of privilege or immunity.

    (c)    Within ten (10) days of receiving such a list, the receiving party may file a motion to compel production of such documents and information the protection of which is still disputed. If such a motion is filed, the producing party shall have the burden of proving that the documents and information in dispute are protected by the attorney-client privilege or by work-product immunity.

    (d)    With respect to documents and information subsequently generated by a receiving party, which documents and information contain information

8

derived from such inadvertently produced documents and information, if the receiving party does not notify the producing party that the receiving party disputes the claim of attorney-client privilege or work-product immunity, the receiving party shall either destroy the derivative documents and information or redact from them all such derivative privileged or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced. When a receiving party does notify the producing party that the receiving party disputes the claim of privileged or work-product status; and if the receiving party files a timely motion to compel production; and if the motion to compel production is denied, then the receiving party shall, within five (5) business days after learning of the denial of the motion, either destroy the derivative documents and information or redact from them all such derivative information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

18. This Order shall be without prejudice to the right of any party:

(a) to have determined by motion, at any time, whether any document or information has been improperly designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY";

(b) to apply to the Court for relief from any of the requirements of this Order, for good cause; and

(c) to oppose discovery on grounds other than that the discovery sought is protected by this Order.

19. This Order shall not bar any attorney in the course of rendering advice to his client with respect to this lawsuit from conveying to any party client in this litigation his or her evaluation in a general way of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or documents, provided, however, that in rendering such advice and discussing such evaluation the attorney shall not disclose the specific contents of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or documents produced by another party, which disclosure would be contrary to the terms of this Order.

9

20. All references to "days" in this Order shall be construed as calendar days unless specifically identified as otherwise.

21. In the event discovery is taken of any person not a party to this lawsuit ("Third Party"), such Third Party may elect to avail itself of and be bound by the terms of this Order by executing and filing a stipulation to that effect in the form of Exhibit B, attached. The Third Person shall be provided a copy of this Order to all counsel of record in this lawsuit simultaneously with its court filing.

22. The parties agree to abide by and be bound by the terms of this Order upon signature as if the Order had been entered on that date.

23. All persons with knowledge of information or in possession of a document that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall exercise reasonable and appropriate care with respect to the storage, custody, and use of such information to ensure that the confidentiality of such information is maintained.

24. The parties may, by stipulation in writing, provide for exceptions to this Order, and any party may seek an order of this Court modifying this Order.

Signed this 6th day of July, 2016.



_____
UNITED STATES MAGISTRATE JUDGE

N. M. King

| | |
|---|---|
| 29 June 2016 | 29 June 2016 |
| Date | Date |

/s/ Tammy L. Browning-Smith
Tammy L. Browning-Smith (0072999)
Browning-Smith P C
752 N. State Street #260
Westerville, Ohio 43082
Tel: 440.398.0098
*tammy@browning-smith.com*

*Attorney for Plaintiff Jennifer Rondinelli Reilly*

/s/ Matthew J. Schonauer
Jeffrey S. Standley, Esq. (0047248)
F. Michael Speed, Jr. (0067541)
Matthew J. Schonauer (0086361)
Standley Law Group LLP
6300 Riverside Drive
Dublin, OH 43017
Tel: 614.792.5555
Fax: 614.792.5536
*jstandley@standleyllp.com*
*mspeed@standleyllp.com*
*mschonauer@standleyllp.com*
*litigation@standleyllp.com*

*Counsel for Defendants 614 Media Group, Inc., Primedia Holdings, LLC and Wayne Lewis*

11

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JENNIFER RONDINELLI REILLY

    Plaintiff,    Civil Action No. 2:16-cv-00097-ALM-NMK

v.

614 MEDIA GROUP, INC., et al.,

    Defendants.

**DECLARATION**

_____, declares and undertakes as follows:

1. My address is _____

2. My present employer is _____

3. My present occupation or job description is _____

4. I have received and read a copy of the Stipulated Protective Order issued by this Court in the lawsuit identified in the above caption (the "Protective Order"). I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of that Protective Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Protective Order, any information or document disclosed to me pursuant to that Protective Order.

1

5. To assure my compliance with the Protective Order, I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the limited purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Protective Order.

6. I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies or other reproductions thereof made by me, for me, or at my direction, in a secure container, cabinet, drawer, room, file system, or other safe place in a manner consistent with the Protective Order. I understand that all such materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me. I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

7. I agree (a) to notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Protective Order, (b) to provide them with an unsigned copy of this Declaration for their signature, (c) to obtain their signature on the Declaration before disclosing to them any Confidential Information, (d) to provide the original, executed Declarations to counsel of record for the party who provided me with the Protective Order, and (e) to obtain and keep, throughout this litigation and for a period of two years after termination of this litigation by settlement or final judgment, copies of all such Declarations after they have been properly signed by all such personnel.

2

8. I declare under penalty of perjury that all of the above declarations are true and correct.

Date: _____

_____
[SIGNATURE]

_____
PRINT NAME (Title, where applicable)

3

## EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JENNIFER RONDINELLI REILLY

        Plaintiff,           Civil Action No. 2:16-cv-00097-ALM-NMK

v.

614 MEDIA GROUP, INC., et al.,

        Defendants.

## DECLARATION

_____ agrees to join in and be bound by the Stipulated Protective Order issued by the Court in the lawsuit in the above captioned case, having been provided with and having reviewed a copy of the same.

Date: _____

                                              [NAME OF PARTY]

                                              [SIGNATURE]

                                              [TITLE]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JENNIFER RONDINELLI REILLY,

      Plaintiff,

vs.                                          Civil Action 2:16-cv-0097
                                                   Magistrate Judge King

614 MEDIA GROUP, INC., *et al.*,

      Defendants.

## ORDER

    Plaintiff's motion for leave to file a surreply in opposition to the motion to dismiss or for change of venue, *Plaintiff Reilly's Motion for Leave to File a Surreply to Defendant Primedia's Motion to Dismiss or, in the Alternative, Change Venue*, ECF No. 20, is over defendants' objection, **GRANTED**.

    The Clerk is **DIRECTED** to file the tendered surreply, which is attached to the motion.

    If defendants intend to make further substantive response to plaintiff's surreply, they may do so no later than July 15, 2016.

                                                        s/ Norah McCann King
                                                          Norah McCann King
July 6, 2016                          United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY A. FEELY,

       Petitioner,

vs.

       Civil Action 2:16-cv-619
       Judge Watson
       Magistrate Judge King

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,

       Respondent.

### ORDER TO SHOW CAUSE

The Clerk of Court is **DIRECTED** to mail a copy of the petition and a copy of this Order to the respondent **and to the Attorney General of Ohio, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215.**

Respondent is **ORDERED** to answer the petition in accordance with the provisions of Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, within twenty-one (21) days of the date of this *Order*.

Petitioner may have twenty-one (21) days thereafter to file a reply to the respondent's answer or other response to the petition.

July 6, 2016
(Date)

                                              *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge